UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CV-359-D

ERIC M. MCMILLIAN and LINDA C. )
LIVERMAN )
    Plaintiffs )
v. )
) **MEMORANDUM AND**
) **RECOMMENDATION**
YORK INSURANCE CO. , )
)
    Defendant )

  Plaintiffs have filed an application to proceed *in forma pauperis*, and have demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

  As an initial matter, the undersigned notes that Plaintiff have filed a virtually identical Complaint in another case: McMillian, *et al*. v. York Insurance Co., 5:10-CV-360-BO[1]. Thus, the undersigned recommends that the instant Complaint be dismissed because these claims have already been filed in this Court. *See* F.R.Civ. P. 12(f)("The court may strike from a pleading . . . any redundant . . . matter . . . [t]he court may act . . . on its own . . .).

  In the instant Complaint, Plaintiffs allege that they were injured when they were rear-ended at a fast-food drive through window on July 20, 2010 (DE 1-1. pg. 2). The Complaint makes few

---

[1] The undersigned determined that Plaintiffs' previous Complaint did not survive frivolity review. McMillian, *et al*. v. York Insurance Co., 5:10-CV-360-BO, (DE-4).

specific factual allegations against Defendant, and thus the precise nature of Plaintiffs' claim is unclear. Ultimately, Plaintiffs assert that Defendant "has denied a claims of liability [sic] concerning both plaintiff's injuries and attempted to block . . . [Plaintiffs'] follow up treatment . . ." (DE 1-1, pg. 2).

To hear or decide a case the Court must first have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and federal statute. *See* Willy v. Coastal Corp., 503 U.S. 131, 136-37(1992). This limited jurisdiction is not to be expanded by judicial decree. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The burden of establishing the contrary rests upon the party asserting jurisdiction. *See* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the complaint filed by Plaintiffs do not fall within the scope of either form of this Court's limited jurisdiction. Plaintiffs argue that that jurisdiction in this Court is based on "'[g]ross negligence' of a business entity" (DE 1-1, pg. 2).

First, Plaintiffs' factual allegations fail to establish any basis for federal question jurisdiction. Furthermore, there is also no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332, requires complete diversity of parties and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332(a). Specifically, United States district courts shall have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a). The seminal case in the area of the amount in controversy requirement is St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) wherein the Supreme Court stated:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.
> *Id.* at 288-289.

Here, Plaintiffs request that Defendant be found "liable for all injuries and medical expenses resulting from this accident." They estimate that their damages are $15,000. Plaintiffs also seek $15,000 in punitive damages. Therefore, Plaintiffs have not met the amount in controversy requirement of 28 U.S.C. § 1332(a).

For these reasons, the undersigned RECOMMENDS that Plaintiffs' motion to proceed *in forma pauperis* be GRANTED, but that their Complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, September 29, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE